**MRM ENGINEERS, P.C., Plaintiff,**

v.

**UNITED STATES SMALL BUSINESS ADMINISTRATION, an agency of the government of the United States of America, Robert H. Miller, Regional Administrator of the United States Small Business Administration, and James Abdnor, Central Administrator of the United States Small Business Administration, Defendants.**

Civ. A. No. 88–806.

United States District Court,
W.D. Pennsylvania.

June 15, 1988.

**984**

John J. Winter, Pittsburgh, Pa., for plaintiff.

Barbara M. Carlin, Asst. U.S. Atty., Pittsburgh, Pa., Mark R. Stephens (Small Business Adm.), for defendants.

## MEMORANDUM OPINION

ZIEGLER, District Judge.

Plaintiff, MRM Engineers, P.C., urges that this court enjoin the Small Business Administration from enforcing regulations that cause plaintiff to graduate from the 2[8](a) program in accordance with the Fixed Program Participation Term. Jurisdiction is based on 28 U.S.C. § 1331 and 28 U.S.C. § 1391(e).

We hold that plaintiff has failed to establish by a preponderance of the evidence that (1) MRM will suffer irreparable harm if it is required to graduate from the 2[8](a) program forthwith; (2) plaintiff is likely to prevail on the merits; (3) the SBA will not suffer substantial harm if relief is denied; and (4) the public interest will be furthered by enjoining the agency's action.

The evidence preponderates that plaintiff is a small business that has benefited from the performance of contracts under the 2[8](a) program. 15 U.S.C. § 637. Moreover, the evidence established that plaintiff is a viable business concern that can compete for commercial and government contracts, without special assistance, because immediately prior to the instant hearing, plaintiff bid and received a contract valued at over $1,000,000 to perform work in the future. This is precisely the goal that Congress and the agency envisioned when the graduation program was established, especially since plaintiff has been a benefactor of the program for over 10 years. MRM's contention that it will be unable to function without agency assistance is belied by the record, and the claim of potential lost business opportunities is speculative at best.

Plaintiff is not likely to succeed on the merits. The SBA regulations, 13 C.F.R. § 124.1–1(f), and the implementing procedures are neither arbitrary nor capricious and they are consistent with statutory authority and legislative intent. There is no violation of the Administrative Procedures Act. The Fixed Program Participation Term is properly designed to promote competitive viability and eliminate business concerns at some reasonable point to make room in the 2[8](a) program for new concerns that can benefit and grow with assistance. We find that the agency considered all pertinent facts when it determined not to extend plaintiff's participation, and the action was neither arbitrary nor capricious. There is no merit to the argument that the SBA failed to provide MRM with required contract support. The evidence preponderates that the action of the SBA in this case was necessary and appropriate, and entirely within the discretion of the agency.

The grant of an injunction would prejudice defendants and other interested parties, and the public interest requires the denial of equitable relief, under the circumstances. MRM has been a participant in the 2[8](a) program for over 10 years and an injunction would deny agency assistance to worthy newcomers and disrupt administrative procedures without cause. The public has an interest in the graduation of business concerns that are competitive in non-section 2[8](a) procurements, as here, so that other interested parties can benefit from the program.

In sum, we find that MRM has failed to sustain its burden of proof by a preponderance of the evidence. We have given careful consideration to the remaining contentions of the parties, including the jurisdic-

tional objections of defendants, and find them to be without merit.

A written order will follow denying the motion of plaintiff for a preliminary injunction.

### ORDER OF COURT

AND NOW, this 15th day of June, 1988,

IT IS ORDERED that the motion of plaintiff, MRM ENGINEERS, P.C., for a preliminary injunction be and hereby is denied.